UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(WESTERN DIVISION)

| | |
|---|---|
| **PALMA V. LUPPI, Individually and on Behalf of All Other Persons Similarly Situated,**<br>　　　　　　　　　　**Plaintiffs,**<br><br>　　　　　v.<br><br>**SOUTHEASTERN MASS DEVELOPMENT, LLC.,**<br>　　　　　　　　　**Defendant** | C.A. No. 2009 - |

## COMPLAINT

### Parties

1.　Plaintiff is a resident of 58 Harlow Clark Road, Huntington, Hampshire County, Massachusetts.

2.　On information and belief, Defendant is a Rhode Island Corporation located at 589 Warren Avenue, East Providence, Rhode Island 02914.

### Jurisdiction and Venue

3.　This Court has jurisdiction over the subject matter of Count I pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b).

4.　Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

5.　Plaintiff is a resident of this district.

6.　Defendant regularly conducts business in this district.

7.　A substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this district.

**Factual Allegations**

8. Defendant was at all relevant times an "employer" of the Plaintiff as that term is defined in 29 U.S.C. §203(d).

9. Plaintiff was at all relevant times an "employee" of Defendant as defined in 29 U.S.C. §203(e).

10. Plaintiff was at all relevant times "employed" by the Defendant as defined in 29 U.S.C. § 203(g).

11. Defendant was at all relevant times an "enterprise engaged in commerce or in the production of goods for commerce" as defined in 29 U.S.C. § 203(s).

12. Defendant was an enterprise whose annual gross volume of sales made or business done was not less than $500,000.

13. Defendant is a restaurant development and consulting business.

14. Between approximately October 2007 and September 2008 (the "Relevant Period"), Plaintiff worked for Defendant as a Field Consultant.

15. According to Defendant, the minimum requirements for Plaintiff as a Field Consultants included the following:

   a. a minimum of 40 hours per week,
   b. completion of time sheets and submission of time sheets by Monday afternoon,
   c. completion of a monthly calendar submitted at Staff Meetings,
   d. 2 weekend evaluations per month,
   e. 1 night evaluation per month,
   f. daily voicemails to a supervisor,
   g. participation in sales seminars,
   h. attendance at SFAFT meetings at least once a quarter,
   i. attendance at Cluster meetings, and
   j. completion of 4 Subway University courses per month.

16. During the Relevant Period, Defendant paid plaintiff a salary.

17. During the Relevant Period, Plaintiff's primary duty did not relate to management or business operations or the employer's customers.

18. During the Relevant Period, the type of work performed by Plaintiff was not directly related to assisting with the running or servicing of Defendant's business.

19. During the Relevant Period, Plaintiff's primary duty did not involve the exercise of discretion and independent judgment with respect to matters of significance.

20. During the Relevant Period, Plaintiff's hours varied from workweek to workweek.

21. During the Relevant Period, Plaintiff typically worked more than forty hours per workweek.

22. Plaintiff was not paid overtime wages at the rate of one and one-half times her regular rate of pay for all hours worked in excess of forty during each workweek as required by the FLSA and Massachusetts laws.

23. Plaintiff was not exempt from the overtime provisions of the FLSA.

24. Plaintiff was not exempt from the overtime provisions of Massachusetts laws.

## COUNT I
## FAIR LABOR STANDARDS ACT – Payment of Overtime Due
## (29 U.S.C. § 207)

25. Plaintiff reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully in this count of the Complaint.

26. Defendant employed Plaintiff for workweeks longer than forty (40) hours.

27. During the weeks where Plaintiff worked more than forty (40) hours, Plaintiff did not receive compensation for her employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he was employed as required by the FLSA.

28. Plaintiff is entitled to damages.

**COUNT II**
**MINIMUM FAIR WAGES – Payment of Overtime Due**
**(Mass Gen. Laws, Ch. 151, § 1A)**

29. Plaintiff reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully herein.

30. Defendant employed Plaintiff for workweeks longer than forty (40) hours.

31. During the weeks where Plaintiff worked more than forty (40) hours, Plaintiff did not receive compensation for her employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he was employed as required by Massachusetts law.

32. Plaintiff is entitled to damages.

**WHEREFORE**, Plaintiff respectfully requests that the Court:

A. Under Count I, determine the damages sustained by Plaintiff as a result of Defendant's violations of 29 U.S.C. §207(a), and award those damages against Defendant and in favor of Plaintiff, plus an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b), and such interest as may be allowed by law;

B. Under Count I, award Plaintiff her costs and disbursements of this suit, including, without limitation, reasonable attorneys', accountants' and experts' fees and such interest as may be allowed by law;

C. Under Count I, grant Plaintiff such other and further relief as the Court may deem just and proper;

D. Under Count II, determine the damages sustained by Plaintiff as a result of Defendant's violations of Mass. G. L. c. 151, §§1A and 1B and award treble damages against Defendant and in favor of said Plaintiff, and such interest as may be allowed by law;

E. Award Plaintiff her costs and disbursements of this suit, including, without limitation, reasonable attorneys', accountants' and experts' fees and such interest as may be allowed by law; and

F. Under Count II, grant Plaintiff such other and further relief under Massachusetts law as the Court may deem just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE**.

By Her attorneys,

**/s/ Jeffrey S. Morneau**
Jeffrey S. Morneau, Esquire (BBO# 643668)
DONOHUE, HYLAND & DONOHUE, P.C.
1707 Northampton Street
Holyoke, Massachusetts 01040
Tel:   (413) 536-1977
Fax:   (413) 538-7138
jmorneau@donohuehyland.com